PEOPLE ex rel. STOREY v. BUTLER, Tenement House Com'r.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. MUNICIPAL CORPORATIONS — OFFICERS — CIVIL SERVICE — LAWS — REMOVAL FROM OFFICE—HEARING.

Laws 1899, p. 809, c. 370, § 21, as amended by Laws 1904, p. 1694, c. 697, provides that no person holding an employment in a municipality who shall have served the time required in the volunteer fire department of a city shall be removed except after a hearing. Laws 1900, p. 1117, c. 449, confers on a member of a volunteer fire company, deprived of his right to serve his full term as such, an honorable discharge and the rights granted to a volunteer fireman. Charges were made against an employé of the tenement house department, and he offered, as proof that he was a volunteer fireman, a certified copy of an instrument on file with the clerk of a county, signed by various persons calling themselves officers of the company, and certifying that the employé was an active member of the company. *Held*, that the commissioner of the tenement house department was not bound to accept the copy, and could question the employé as to his services, and on the employé's refusal to answer the commissioner was justified in refusing to accord him a trial on the charges.

2. CERTIORARI—RETURN—CONCLUSIVENESS.

On certiorari to review the removal of an employé in a city department without a hearing, as provided by the civil service laws, the question must be determined entirely on the return, and the allegations in the petition cannot be considered; and if the return is insufficient the remedy of the relator is to ask the court to require a further return.

3. MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL.

An employé in the tenement house department was charged with violating the city charter by reporting that an order had been complied with, while a subsequent report by an inspector stated that the order had not been complied with. The employé answered that the charge did not state sufficient facts, and that the commissioner of the tenement house department was without jurisdiction to try him. The employé was also charged with violating a rule of the department and with entering a saloon on a designated date. He answered by alleging that, as no date was set forth in the specifications, he had not sufficient information to reply thereto, and by denying the allegation about entering a saloon on the designated date. The employé was not entitled to a trial. *Held*, that the commissioner was justified in removing him on his refusal to make explanation as to the charges.

Certiorari by the people, on the relation of Arthur D. Storey, against Edmund J. Butler, as commissioner of the tenement house department

of the city of New York, to review the removal of the relator as inspector of tenements of the tenement house department.   Dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Andrew H. Scoble, for relator.
Theodore Connoly, for respondent.

INGRAHAM, J.   The relator was an employé of the tenement house department of the city of New York.   Charges having been made against him, he was served with a copy thereof, and notified that he would be accorded a hearing on the said charges at a time and place named.   The relator was also notified that he would be required to show by legal proof that he was entitled to a hearing which the civil service law accords veteran firemen.   When these charges were brought on for hearing, the relator appeared by counsel and offered in evidence, as proof of the fact that he was a volunteer fireman and entitled to a hearing as such, a paper which purported to be a certified copy of an instrument on file in the office of the clerk of Richmond county.   This instrument was signed by various persons, calling themselves president, foreman, treasurer, and secretary, which certified that the relator was elected an active member of a hook and ladder company at New Brighton, Staten Island; that he had faithfully performed his duties as an active volunteer fireman in said company, and was a member in good standing in said company on October 1, 1905, the date of the extension of the paid fire department to the fire district protected by this company.   When this instrument was offered to the commissioner, he stated that he did not accept the certificate as final or conclusive evidence, and the relator's counsel then stated that that was all the evidence the relator had to offer.   The relator was then sworn as a witness by the commissioner, and asked questions as to his service in this Richmond Hook & Ladder Company, No. 4, which questions the relator refused to answer.   Whereupon the commissioner decided that this certificate was not satisfactory evidence as to the relator being a veteran fireman, and that therefore he would not be accorded the trial to which he would have been entitled had he proved that he was a veteran fireman.   He was, however, allowed an opportunity of making an explanation as to the charges against him, which he refused to do, and the commissioner thereupon removed him.

The only question presented upon this appeal is whether the commissioner was bound, upon the production of this certified copy of the certificate on file with the clerk of Richmond county, to accord the relator the trial provided for by section 21, c. 370, p. 809, of the Laws of 1899, as amended by chapter 697, p. 1694, of the Laws of 1904. The provisions authorizing a certificate to be filed in the county of Kings in relation to volunteer fire companies in certain towns in that county did not apply to Richmond county.   There is, however, a provision in chapter 449, p. 1117, of the Laws of 1900, which would entitle a member of a volunteer fire company or association who had been deprived of the right to serve his full term as a volunteer fireman

to a full and honorable discharge and all the rights and privileges now granted by law to a volunteer fireman who has served as such the time required by law, and authorizing the trustees or the officers of such volunteer fire department or volunteer fire engine and hook and ladder company to file in the office of the clerk of the county in which such department or company is located a list containing the names of every person who was a member of the volunteer fire department or company who is entitled to an exemption certificate in accordance with the provisions of the act, and the county clerk was authorized to sign and deliver exemption certificates provided for in the act to the persons entitled thereto, whose names appeared upon the list filed with him, as aforesaid. There is no provision cited which makes this certificate of the county clerk either competent or conclusive evidence of the truth of the facts therein stated, and there is certainly nothing in the statute which prevented the defendant from disproving the truth of the facts stated in this certificate filed with the county clerk, or the statement in the certificate of the county clerk that the relator was entitled to all the exemptions and privileges granted to volunteer firemen upon the disbandment of their companies on the extension of the paid system to the territory protected by them.

Assuming that the production of this certificate by the relator was some evidence as to his right to claim the privileges secured to an exempt fireman, I think the commissioner clearly had the right to disprove the statements contained in this certificate, and to show that the relator never was in good faith a member of this volunteer hook and ladder company, and had a right to call the relator and examine him as to his membership in the company. The relator, having been called and sworn by the commissioner for that purpose, refused to answer any questions put by the commissioner in relation to his service in the company, and refused to make any explanation in relation to the charges preferred against him. The relator was given notice by the commissioner that his right to the privileges accorded to an exempt fireman was questioned, that the commissioner was examining the question as to his right to such privileges, and asked him questions in relation to his services in order to determine whether or not he was entitled to such right. This certainly was not an exorbitant claim for the commissioner to make. He was required to determine whether the relator was entitled to the privileges of an exempt fireman, and to make such determination he could ascertain the facts as to the relator's membership in the fire company and his services as a fireman. The refusal of the relator to testify as to such facts as were necessary to enable the commissioner to ascertain whether or not he was in good faith, at the time the charges against him were to be disposed of, entitled to the privileges of an exempt fireman, justified the defendant in refusing to accept this certificate as conclusive. The commissioner had before him a paper purporting to be signed by several persons who described themselves as the president, foreman, secretary, and treasurer of an organization called a "hook and ladder company," and that was all. There was no evidence that this hook and ladder company had been legally organized, or that these persons who signed this certificate were officers of any legally organized fire company. Nothing appeared, ex-

cept a certified copy of an instrument filed in the office of the county clerk, with a certificate of the county clerk based thereon.

To say that a public officer, who was required to determine whether this certificate proved the fact of the relator's right to a privilege as a member of a volunteer fire association, had no right to make any inquiries in relation to the legal existence of the fire company, the official position of those signing the certificate, or the facts in relation to the membership of the person claiming the exemption because of his membership in the company, would place every public officer at the mercy of every employé who saw fit to claim that he was connected with one of these volunteer fire companies, and would prevent such public officer from inquiring into the good faith of the claim to exemption and the actual membership in a company coming within the statute. The refusal of the relator to make any answers to the questions put to him by the commissioner—questions which I think were perfectly proper to enable the commissioner to determine the validity of his claim to exemption—justified the commissioner in rejecting the certificate as insufficient to prove the facts of the relator's membership in this fire company, and justified the commissioner in requiring from the relator an explanation of the charges preferred against him, and not according him a trial of the charges. This question must be determined entirely upon the return, as the allegations in the petition cannot be considered. If the return was not sufficient, the relator's remedy was to ask that the court require the defendant to make a further return.

In connection with this application, attention should be called to the nature of the answer of the relator to the charges made against him. By the first charge the relator was accused of violating a section of the charter of the city of New York by reporting that order No. 82 had been complied with in the premises No. 409 East Twenty-Fourth street, whereas a subsequent report by an inspector states that such order No. 82 had not been complied with. The only answer of the relator to that charge was that the specification does not set forth facts sufficient to constitute an offense, and that the commissioner of the tenement house department is without jurisdiction to try or determine the question whether the section had been violated by the relator. The second charge was that the relator had violated rule 11 of the rules and regulations of the tenement house department, and had violated rule 9 of such rules and regulations of the tenement house department by entering a barroom or drinking saloon on the morning of December 22, 1906. In his answer to the second charge the relator alleged that, as no date is set forth in the specifications, he has not sufficient information to enable him to properly reply thereto, and denies the allegation about entering the barroom. Thus the only denial of the relator to any of these charges was that charging him with entering a barroom or drinking saloon on the morning of December 22, 1906. If these answers are to be considered, they contain no denial of the charges, except in relation to entering a saloon. The nature of the answers to the charges made against the relator explain the subsequent proceeding. He was endeavoring to put the commissioner in such a position that he could procure a reinstatement on appeal, or in

this proceeding, rather than in good faith answer the charges, so as to submit to the commissioner the question as to his guilt or innocence. I think, therefore, that, as the defendant was entitled to call on this relator for a statement in relation to his connection with this volunteer fire organization, the refusal of the relator to answer any questions in relation to his membership therein justified the commissioner in declining to accept this unidentified certificate as proof of the facts therein stated, and justified the commissioner in proceeding as he did.

The writ should therefore be dismissed, and the proceedings affirmed, with $50 costs and disbursements. All concur.